IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| THERESA THOMAS and SAMATHA SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 5:13-cv-01417-JMC<br><br>**PROPOSED INTERVENORS' MOTION TO: (A) EXPEDITE MOTION TO INTERVENE AND STAY PROCEEDINGS OR, IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); AND (B) STAY DISMISSAL MOTION BRIEFING SCHEDULE** |

Proposed Intervenors – plaintiffs in the action captioned *Belville v. Ford Motor Company*, No. 3:13-cv-06529 (S.D. W. Va.) (the "*Belville* Action") (collectively the "*Belville* Plaintiffs")[1] – by their undersigned counsel, and pursuant to Local Rule 6.01, respectfully move this Honorable Court to expedite the briefing and resolution of their pending Motion to Intervene and Stay Proceedings or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 8) (the "Intervention Motion"), and stay the briefing and resolution of Defendant Ford Motor Company's ("Ford") pending Motion to Dismiss this action (Dkt. No. 6) (the "Dismissal Motion").

The *Belville* Plaintiffs respectfully submit that the time-sensitive nature of their pending Intervention Motion, as well as the narrow issue that motion presents, coupled with the material efficiencies to be gained through the relief the *Belville* Plaintiffs are seeking therein, supports the

---

[1] The *Belville* Plaintiffs are Lance R. Belville, Donald C. Carr, Mindi Stewart, Stanley Stewart, Dean Richardson, Christine Salamone, Charles Johnson, Jill Durant, Beverly Gorton, Josh Legato, Michael Antramgarza, Roofwerks, Inc., Quintin Williams, ACA Legal Investigations, Inc., John McGee, Mills Allison, David H. Patton, Inez A. Patton, Laura Elsinger, and Gabriel Kletschka. Counsel for the *Belville* Plaintiffs have filed a second action captioned *Smith v. Ford Motor Company*, No. 3:13-cv-14207 (S.D. W. Va.) on behalf of fifteen additional plaintiffs and have moved to consolidate the *Belville* and *Smith* Actions (*Belville* Action Dkt. Nos. 27-28).

expedited resolution of that motion.  Additionally, staying the briefing schedule on Ford's Dismissal Motion would allow for the resolution of the Intervention Motion while avoiding the risk of inconsistent judgments and other harms that could otherwise result from allowing both the *Belville* action and this action to proceed further in parallel.

As they explained in their Intervention Motion, the *Belville* Plaintiffs seek intervention for purposes of staying or transferring the instant case to prevent the wasting of judicial resources occasioned by the contemporaneous litigation of identical factual and legal issues in two similar class action lawsuits – particularly since the underlying facts and the class alleged herein are completely subsumed by the earlier filed *Belville* Action.  Indeed, the *Belville* Plaintiffs seek intervention to protect and preserve their claims and interests in this case and to prevent those interests from being impeded or impaired through piecemeal litigation in different jurisdictions at the same time.

For these same reasons, the *Belville* Plaintiffs respectfully request that this Court consider their Intervention Motion on an expedited basis and stay the briefing on Ford's Dismissal Motion to prevent any further duplication of efforts and potential prejudice.  Ford has now filed Motions to Dismiss in both the *Belville* action and this action.  Requiring both sets of Plaintiffs to respond to these motions would be inefficient and contrary to Rules 1 and 23 of the Federal Rules of Civil Procedure.  Before permitting further briefing on the Dismissal Motion, this Court should resolve the Intervention Motion, which may (and should) prevent the waste of the resources of both the parties and this Court by resulting in the stay or transfer of this action.  Prior to filing the instant motion, and pursuant to Local Rule 7.02, counsel for the *Belville* Plaintiffs conferred in good faith with counsel for the Plaintiffs and the Defendant in this action.  Neither party was willing to consent to the Motion.

## BACKGROUND

On June 26, 2013, the *Belville* Plaintiffs filed their Intervention Motion before this Court, requesting to intervene in this action for the purpose of staying this action or, alternatively to transfer this action to the Southern District of West Virginia, where the *Belville* Action is pending. As the *Belville* Plaintiffs discussed in that motion, the *Belville* Action brings substantially the same claims against Ford as this action – the only significant difference being that the *Belville* Action was filed nearly two months earlier than the instant action. (Mem. in Support of Intervention Motion, Dkt. No. 8-2 ("Intervention Mem."), at 2-3).

One day after the *Belville* Plaintiffs filed their Intervention Motion in this action, Ford filed its Motion to Dismiss the *Belville* complaint. *See* **Exhibit 1**, Ford's Motion to Dismiss Plaintiffs' Class Action Complaint and Memorandum in Support, Dkt. Nos. 34-35 to the *Belville* Action ("*Belville* Dismissal Motion). The nearly identical facts and claims of the *Belville* and *Thomas* Complaints are mirrored by the substantial similarity between Ford's Dismissal Motion in this action and the *Belville* Dismissal Motion. In both Dismissal Motions, Ford advances mostly the same arguments, as illustrated in the following chart:

| Ford's Argument | Pages from Memorandum in Support of *Belville* Dismissal Motion | Pages from Memorandum in Support of *Thomas* Dismissal Motion |
|---|---|---|
| Plaintiffs have not alleged a design or manufacturing defect. | 11-16 | 10-16 |
| Plaintiffs have not alleged an actionable injury. | 17-23 | 16-19 |
| Plaintiffs' fraud-based allegations do not meet the requirements of Rule 9(b). | 23-26 | 23-24 |
| Purchasers of used vehicles cannot show unjust enrichment. | 28-29 | 25-26 |

| | | |
|---|---|---|
| Plaintiffs' request for injunctive relief should be dismissed pursuant to the primary jurisdiction doctrine. | 29-35 | 26-32 |

In support of these identical arguments, Ford even employs identical language, at times amounting to paragraphs-long passages that have been cut and pasted from one motion into another with minimal changes. *Compare*, *e.g.*, Memorandum in Support of *Belville* Dismissal Motion at 6-8 *with* Memorandum in Support of *Thomas* Dismissal Motion at 5-7 (describing NHTSA's 1989 investigation in nearly identical language). In the *Belville* Dismissal Motion, Ford often focuses its arguments on Mills Allison, the *Belville* Plaintiff bringing claims under South Carolina law, which further heightens the parallels between its arguments in the two Dismissal Motions. *See*, *e.g.*, *Belville* Dismissal Motion at 11-13, 14-15, 19-20 (discussing Plaintiff Allison's claims under South Carolina law).

Under the default briefing schedule provisions of Local Rules 7.06 and 7.07, Responses to the Intervention Motion are due fourteen days after it was filed, which is July 10, 2013. The *Belville* Plaintiffs' Reply is due seven days later, on July 17, 2013. Unless the Dismissal Motion briefing schedule is stayed, the Intervention Motion will not be fully briefed and ready for this Court's consideration until after the Plaintiffs in this action file their Memorandum in Opposition to Ford's Dismissal Motion, which is due on July 15, 2013. *See* Dkt. No. 10.

## ARGUMENT

The similarities between Ford's Dismissal Motions in this action and the *Belville* Action highlight both (1) the need for either the stay of this action or Section 1404(a) transfer of this action to the Southern District of West Virginia, and (2) the need for this relief to be entered quickly with no further inefficiencies or risk of prejudice. As the *Belville* Plaintiffs noted in their Intervention Motion, allowing this action to proceed in parallel with the *Belville* Action would

waste judicial resources, require both Plaintiffs and Ford to engage in duplicative efforts in litigating two actions at once, and risk inconsistent judgments that would prejudice the parties. (Intervention Mem. at 8-9.)  In filing two Dismissal Motions, Ford has already been required to engage in duplicative work.  If this action proceeds further, then two groups of Plaintiffs will need to prepare what will likely be highly similar responses to these motions, Ford will prepare two highly similar replies, and this Court and the Southern District of West Virginia will both be required to expend resources and issue potentially inconsistent rulings.  Thus, allowing this action to proceed any further without considering the Intervention Motion would only further subject the parties and this Court to the very problems that the *Belville* Plaintiffs seek to obviate through their Intervention Motion.

It would serve no purpose for the *Thomas* Plaintiffs to respond to the Dismissal Motion while the Intervention Motion is pending.  The *Belville* Plaintiffs have requested that this Court stay this action in its entirety pending the resolution of the *Belville* Action, or, in the alternative, that this Court transfer this action pursuant to 28 U.S.C. § 1404(a) to the Southern District of West Virginia, where one court can coordinate proceedings in both actions to promote judicial economy and avoid inconsistency.  In either scenario, there may be no need to adjudicate Ford's Dismissal Motion in this action, given the overlap between the arguments raised therein and the arguments raised in the *Belville* Dismissal Motion.

Ford's Dismissal Motions bolster the *Belville* Plaintiffs' showing on the three factors to consider on a motion to stay, "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *See Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-cv-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted) (copy attached as **Exhibit 2**).  Judicial economy would

5

be best served if the common issues in Ford's Dismissal Motions were determined by one court rather than two. Without a stay, all parties face hardship in undergoing duplicative efforts with the threat of conflicting rulings; with a stay, the *Thomas* Plaintiffs' interests are protected in the *Belville* Action, which involves identical claims.

Even if this Court were not to enter a stay, however, it is well settled that, where an action is related to an earlier-filed action in another district, a Section 1404(a) transfer "promotes the interests of justice by promoting judicial economy and avoiding inconsistent judgments." *Realson v. Univ. Med. Pharms. Corp.*, No. 4:09-cv-3277-TLW-TER, 2010 WL 1838911, at *5 (D.S.C. May 6, 2010) (copy attached as **Exhibit 3**). Given that either a stay or a transfer of this action is very probable, expediting Plaintiffs' Intervention Motion and staying briefing on the Dismissal Motion would best conserve this Court's resources.

## CONCLUSION

WHEREFORE, the *Belville* Plaintiffs respectfully request that this Court expedite the briefing and resolution of their pending Motion to Intervene and Stay Proceedings or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 8), and stay the briefing and resolution of Defendant Ford Motor Company's ("Ford") pending Motion to Dismiss the *Thomas* action (Dkt. No. 6).

Dated: July 2, 2013                                Respectfully submitted,

                                                   */s/ Richard A. Harpootlian*
                                                   Richard A. Harpootlian
                                                   SC Federal ID No.: 1730
                                                   **RICHARD A. HARPOOTLIAN, P.A.**
                                                   1410 Laurel Street (29201)
                                                   Post Office Box 1090
                                                   Columbia, South Carolina 29202
                                                   Tel: (803) 252-4848
                                                   Fax: (803) 252-4810
                                                   rah@harpootlianlaw.com

and

*/s/ Stephanie U. Roberts*
Stephanie U. Roberts (U.S. District I.D. No. 11047)
**SPILMAN THOMAS & BATTLE, PLLC**
110 Oakwood Drive, Suite 500
Winston-Salem, North Carolina 25321
Tel: (336) 725-4710
Fax: (336) 725-4476
sroberts@spilmanlaw.com

*Counsel for the Belville Plaintiffs*

**COUNSEL FOR THE *BELVILLE* PLAINTIFFS**
**SOUTHERN DISTRICT OF WEST VIRGINIA, CASE NUMBER 3:13-CV-06529**

Niall A. Paul
**SPILMAN THOMAS & BATTLE, PLLC**
300 Kanawha Boulevard, East (25301)
Post Office Box 273
Charleston, West Virginia 25321
Tel: (304) 340-3800
Fax: (304) 340-3801
npaul@spilmanlaw.com

Nathan B. Atkinson
**SPILMAN THOMAS & BATTLE, PLLC**
110 Oakwood Drive, Suite 500
Winston-Salem, North Carolina 25321
Tel: (336) 725-4710
Fax: (336) 725-4476
natkinson@spilmanlaw.com

Adam J. Levitt
John E. Tangren
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Tel: (312) 214-0000
Fax: (312) 214-0001
alevitt@gelaw.com
jtangren@gelaw.com

Jeff A. Almeida
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, Delaware 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
jalmeida@gelaw.com

Mark DiCello
Robert F. DiCello
**THE DICELLO LAW FIRM**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
Tel: (440) 953-8888
Fax: (440) 953-9138
markdicello@dicellolaw.com
rfdicello@dicellolaw.com

Guy R. Bucci (WV Bar No. 0521)
Timothy C. Bailey (WV Bar No. 5839)
Lee Javins (WV Bar No. 6613)
**BUCCI BAILEY & JAVINS L.C.**
213 Hale Street
Charleston, West Virginia 25301
Tel: (304) 932-4639
Fax: (304) 345-0375
gbucci@bbjlc.com
timbailey@bbjlc.com
ljavins@bbjlc.com

James R. Bartimus
Stephen M. Gorny
**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**
11150 Overbrook Road, Suite 200
Leawood, Kansas 66211
Tel: (913) 266-2300
Fax: (913) 266-2366
jb@bflawfirm.com
steve@bflawfirm.com

John T. Murray
**MURRAY AND MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio 44870
Tel: (419) 624-3000
Fax: (419) 624-0707
jotm@murrayandmurray.com

John Scarola
C. Calvin Warriner III
**SEARCY, DENNEY, SCAROLA,
BARNHART & SHIPLEY PA**
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Tel: (800) 780-8607
Fax: (561) 686-6300
jsx@searcylaw.com
ccw@searcylaw.com

Joseph J. Siprut
Aleksandra M.S. Vold
**SIPRUT P.C.**
17 North State Street, Suite 1600
Chicago, Illinois 60602
Tel: (312) 236-0000
Fax: (312) 948-9212
jsiprut@siprut.com
avold@siprut.com

Keith G. Bremer
Alison K. Hurley
Benjamin L. Price
**BREMER, WHYTE, BROWN
& O'MEARA LLP**
20320 S.W. Birch Street, Second Floor
Newport Beach, California 92660
Tel: (949) 221-1000
Fax: (949) 221-1001
kbremer@bremerwhyte.com
ahurley@bremerwhyte.com
bprice@bremerwhyte.com

E. Powell Miller
Richard L. Merpi II
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
rlm@millerlawpc.com

Grant L. Davis
Timothy C. Gaarder
**DAVIS, BETHUNE & JONES, LLC**
1100 Main Street, Suite 2930
Kansas City, Missouri 64105
Tel: (816) 421-1600
Fax: (816) 472-5972
gdavis@dbjlaw.net
tgaarder@dbjlaw.net

Edgar F. Heiskell, III (WV Bar No. 1668)
Attorney at Law
Post Office Box 3232
Charleston, West Virginia 25332
Tel: (304) 989-4459
heiskell.action@ymail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| THERESA THOMAS and SAMATHA SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 5:13-cv-01417-JMC |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 2nd day of July, 2013, she mailed a copy of the attached **PROPOSED INTERVENORS' MOTION TO: (A) EXPEDITE MOTION TO INTERVENE AND STAY PROCEEDINGS OR, IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); AND (B) STAY DISMISSAL MOTION BRIEFING SCHEDULE** by depositing same in the United States Mail, first-class, proper postage, affixed, addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, and by electronic mail, which is/are the last known address(es):

John G. Felder, Jr.
McGowan, Hood & Felder, LLC
1517 Hampton Street
Columbia, South Carolina  29210
jfelder@mcgowanhood.com

Gregory Mark Nespole
Wolf Haldenstein Adler Freeman
   & Herz LLP
270 Madison Avenue
New York, New York  10016
nespole@whafh.com

*Attorneys for Plaintiffs*

J. Kenneth Carter, Jr.
Carmelo B. Sammataro
Joshua D. Shaw
Turner Padget Graham & Laney, PA
Post Office Box 1473
Columbia, South Carolina 29202
kcarter@turnerpadget.com
ssammataro@turnerpadget.com
jshaw@turnerpadget.com

*Attorneys for Defendant*

12

**Counsel for Defendant Ford Motor Company, Inc. in the *Belville* action:**

Michael Bonasso
William J. Hanna
Susan W. Romaine
Bradley J. Schmalzer
Flaherty Sensabaugh Bonasso, PLLC
P.O. Box 3843
Charleston, WV 25338-3843
mbonasso@fsblaw.com
whanna@fsblaw.com
sromaine@fsblaw.com
bschmalzer@fsblaw.com

Jeffrey A. Holmstrand
Flaherty Sensabaugh Bonasso, PLLC
1225 Market Street
Wheeling, WV 26003
jholmstrand@fsblaw.com

J. Tracy Walker, IV
McGuireWoods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
twalker@mcguirewoods.com

Andrew J. Trask
McGuireWoods, LLP
11 Pilgrim Street
London EC4V 6RN
United Kingdom
atrask@mcguirewoods.com

Peter J. Fazio
Aaronson Rappaport Feinstein & Deutsch, LLP
600 Third Avenue, 5th Floor
New York, NY 10016
twalker@mcguirewoods.com

*/s/ Stephanie U. Roberts*
Stephanie U. Roberts (U.S. District I.D. No. 11047)
**SPILMAN THOMAS & BATTLE, PLLC**
110 Oakwood Drive, Suite 500
Winston-Salem, North Carolina 25321
Tel: (336) 725-4710
Fax: (336) 725-4476
sroberts@spilmanlaw.com

*Counsel for the Belville Plaintiffs*

14