IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| THERESA THOMAS and SAMATHA SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 5:13-cv-01417-JMC<br><br>***BELVILLE* PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF THEIR MOTION TO: (A) EXPEDITE MOTION TO INTERVENE AND STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. SECTION 1404(a); and (B) STAY DISMISSAL MOTION BRIEFING SCHEDULE** |

Pursuant to Local Rules 6.01 and 7.07, and through the undersigned counsel, proposed Intervenors, the *Belville* Plaintiffs[1], respectfully submit this Reply in Support of Their Motion to: (A) Expedite their Motion to Intervene and Stay Proceedings or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(a) ("Motion to Intervene" – Dkt. No. 8); and (B) Stay Dismissal Motion Briefing Schedule ("Motion to Expedite" – Dkt. No. 13).

## INTRODUCTION

On July 2, 2013, the *Belville* Plaintiffs moved this Honorable Court to expedite its ruling on the pending Motion to Intervene and stay the briefing schedule on the Defendant's pending Motion to Dismiss, Dkt. No. 6. The *Belville* Plaintiffs respectfully submit this Reply to address arguments raised in the *Thomas* Plaintiffs' Memorandum in Opposition to the Motion to

---

[1] The *Belville* Plaintiffs are Plaintiffs in the action captioned *Belville v. Ford Motor Company*, No. 3:13-cv-06529 (S.D. W. Va.) ("the *Belville* Action"), and include Lance R. Belville, Donald C. Carr, Mindi Stewart, Stanley Stewart, Dean Richardson, Christine Salamone, Charles Johnson, Jill Durant, Beverly Gorton, Josh Legato, Michael Antramgarza, Roofwerks, Inc., Quintin Williams, ACA Legal Investigations, Inc., John McGee, Mills Allison, David H. Patton, Inez A. Patton, Laura Elsinger, and Gabriel Kletschka.

Expedite (Dkt. No. 18 ("*Thomas* Pls.' Opp.")), as well as Defendant Ford's Memorandum in Response to the Motion to Expedite (Dkt. No. 16), both of which were filed on July 19, 2013.[2]

**ARGUMENT**

Neither the *Belville* Plaintiffs' Motion to Intervene, nor their Motion to Expedite, will prevent the *Thomas* Plaintiffs from "an adjudication of their rights by this Court." (*Thomas* Pls.' Opp. at 4.) Indeed, the *Thomas* Plaintiffs are free to do so by excluding themselves from the proposed class in the *Belville* Action and pursuing individual litigation against Ford. Instead, this Motion to Expedite simply promotes efficiencies for the litigants and this Court in light of the larger relief sought by the Motion to Intervene – nothing more, nothing less. Tellingly, it is the *Thomas* Plaintiffs that copied the claims and allegations raised by the *Belville* Plaintiffs and usurped the extensive work, research, and drafting performed in the *Bellville* Action, which seeks to protect the interests of the prospective national class, including the South Carolina citizens. Counsel for the *Thomas* Plaintiffs argues that their rights are being stepped on here, despite their blatant copying of the *Belville* Complaint. The *Bellville* Plaintiffs' Motion to Intervene is about expediency, consistency, and streamlining the litigation to avoid unnecessary and problematic inconsistencies and delays.

Although the *Thomas* Plaintiffs accuse the *Belville* Plaintiffs of making an "extraordinary request to parachute into this Court and demand a stay" (*Thomas* Pls.' Opp. at 2), the exact same maneuver was pursued by counsel for the *Thomas* Plaintiffs in previous litigation, and for the same proclaimed reasons—the achievement of efficiencies and consistencies in procedures and

---

[2] The *Thomas* Plaintiffs filed a substituted pleading for Dkt. No. 18 on July 22, 2013. The *Belville* Plaintiffs incorporate in this Reply by reference (1) the arguments to be made in their Omnibus Reply in Support of their Motion to Intervene, filed on July 25, and (2) the arguments made in their Motion to Expedite.

outcomes that can be accomplished when "copycat" actions are handled in a single forum.[3] Further, the fact that the *Thomas* Plaintiffs address the procedural events occurring (simultaneously) in the *Belville* Action (*Thomas* Pls.' Opp. at 2-3), is an open acknowledgement of the interrelationship between this action and the *Belville* Action. The reason for the requested extension of time and briefing scope in the *Belville* Action is a function of the comprehensive scope of that action and the commensurately large scope of the dismissal motion papers; granting the relief sought by the Motions to Intervene and Expedite would simply prevent the parties from repeating the same work twice.

To address the *Thomas* Plaintiffs' specific attacks on the Motion to Expedite, the *Belville* Plaintiffs note that they did, in fact, request expedited treatment in the concluding paragraph of their Motion to Intervene. (Motion to Intervene at 2). The Motion to Expedite merely formalized the request for expedited treatment of the relief previously sought in their Motion to Intervene. The *Belville* Plaintiffs also included "other statements" pursuant to Local Rule 6.01 that fully set forth the reasons for the Motion to Intervene and to expedite treatment of the same in both pending Motions. Further, in light of the particular nature of the relief sought in the Motion to Expedite, submission of a proposed amended scheduling order when the overarching

---

[3] Under circumstances very similar to the ones present here, counsel for the *Thomas* Plaintiffs moved to intervene and stay proceedings in *Hyland v. Harrison*, No. 05-162-JJF (D. Del.), on the grounds that doing so was necessary to "preserv[e] the integrity and the authority" of the court presiding over the first-filed action. Br. in Support of Mot. of Dr. Stephen Blau to Intervene to Further Move That This Action Be Stayed at 1, *Hyland* (Aug. 26, 2005) (attached as Exhibit 1); *see also* Movant Dr. Stephen Blau's Reply Br. in Further Support of His Mot. to Intervene in Order to Further Move That This Action Be Stayed at 1, *Hyland*, (Sep. 19, 2005) (arguing that plaintiff in the first-filed action "has a fiduciary obligation to intervene so that he may shield the proposed class from the harm that the plaintiffs here . . . are inflicting in pursuing this action") (attached as Exhibit 2). The *Hyland* court granted the motion to intervene and stayed the *Hyland* action pending the resolution of the first-filed action. *See* Op., *Hyland* (Feb. 7, 2006) (attached as Exhibit 3).

request is to completely stay the briefing on the Motion to Dismiss until this Court rules upon the Motion to Intervene would be moot and a waste of the parties' and Court's time to consider, especially if the *Belville* Plaintiffs' Motion to Intervene is granted, and the entire case is either stayed or transferred.[4]

Finally, the *Belville* Plaintiffs' standing to request expedited treatment is the same standing they have to bring the Motion to Intervene in the first place. The cases cited by the *Thomas* Plaintiffs (*see Thomas* Pls.' Opp. at 5) in support of their argument that the *Belville* Plaintiffs lack standing to move to intervene and request a stay, or shorten the briefing schedule, are inapposite. Two of the cases address the situation in which a non-party seeks to appeal an adverse judgment;[5] the third case deals with a party who attempted to file a motion to amend but had failed to intervene in the action.[6] These cases simply do not apply to the *Belville* Plaintiffs' standing to intervene in the instant case.

Notably, Local Rule 6.01 is not limited to the original litigants to an action, but refers to "any application" to shorten time and includes parties attempting to intervene through Rule 24 of the Federal Rules of Civil Procedure. Further, Local Rule 6.01, by virtue of its inclusion of the

---

[4] Moreover, the way Local Rule 6.01 is formatted, with two separate paragraphs, it appears that only in the much more common event of a motion for enlargement of time should a proposed amended scheduling order be submitted. Should the Court disagree and direct the *Belville* Plaintiffs to submit a proposed amended scheduling order for the instant case, they will of course quickly do so.

[5] *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (discussing "[t]he rule that only parties . . . may appeal an adverse judgment"); *Kenny v. Quigg*, 820 F.2d 665, 667 (4th Cir. 1987) (discussing "the general rule that persons who are neither original parties to, nor intervenors in, district court proceedings ordinarily may not appeal a judgment of the district court").

[6] *See Cadence Bank, N.A. v. Horry Props., LLC*, 2012 U.S. Dist. LEXIS 98605 (noting that party seeking to amend had "waited until the litigation had concluded, and this Court had entered a final order, before seeking to intervene") (copy attached as Exhibit 4)

words "or Shortening of Time" for a given action under the Rules, certainly allows the Court discretion to condense briefing schedules, or even stay them completely, in the interests of justice and to achieve judicial efficiencies. Of course, the Court is also free to rule in an expedited fashion on its own initiative, so the *Thomas* Plaintiffs' argument rings hollow. The *Belville* Plaintiffs' Motions were filed to prevent unnecessary hardship to parties facing litigation in two different jurisdictions at the same time and over the same factual allegations. Both Rule 24 and Local Rule 6.01 provide sufficient grounds for the requested relief.

## CONCLUSION

For the foregoing reasons, the *Belville* Plaintiffs again respectfully request that this Court expedite its ruling on the Motion to Intervene and stay briefing on the Motion to Dismiss.

Dated: July 25, 2013  Respectfully submitted,

*/s/ Stephanie U. Roberts*
Stephanie U. Roberts (U.S. Dist. I.D. No. 11047)
**SPILMAN THOMAS & BATTLE, PLLC**
110 Oakwood Drive, Suite 500
Winston-Salem, North Carolina 25321
Tel: (336) 725-4710
Fax: (336) 725-4476
sroberts@spilmanlaw.com

and

*/s/ Richard A. Harpootlian*
Richard A. Harpootlian (U.S. Dist. I.D. No. 1730)
**RICHARD A. HARPOOTLIAN, P.A.**
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
Tel: (803) 252-4848
Fax: (803) 252-4810
rah@harpootlianlaw.com

*Counsel for the Belville Plaintiffs*

**COUNSEL FOR THE BELVILLE PLAINTIFFS**
<u>**SOUTHERN DISTRICT OF WEST VIRGINIA, CASE NUMBER 3:13-CV-06529**</u>

Niall A. Paul
**SPILMAN THOMAS & BATTLE, PLLC**
300 Kanawha Boulevard, East (25301)
Post Office Box 273
Charleston, West Virginia 25321
Tel: (304) 340-3800
Fax: (304) 340-3801
npaul@spilmanlaw.com

Nathan B. Atkinson
**SPILMAN THOMAS & BATTLE, PLLC**
110 Oakwood Drive, Suite 500
Winston-Salem, North Carolina 25321
Tel: (336) 725-4710
Fax: (336) 725-4476
natkinson@spilmanlaw.com

Adam J. Levitt
John E. Tangren
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Tel: (312) 214-0000
Fax: (312) 214-0001
alevitt@gelaw.com
jtangren@gelaw.com

Jeff A. Almeida
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, Delaware 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
jalmeida@gelaw.com

Mark DiCello
Robert F. DiCello
**THE DICELLO LAW FIRM**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
Tel: (440) 953-8888
Fax: (440) 953-9138
markdicello@dicellolaw.com
rfdicello@dicellolaw.com

Guy R. Bucci (WV Bar No. 0521)
Timothy C. Bailey (WV Bar No. 5839)
Lee Javins (WV Bar No. 6613)
**BUCCI BAILEY & JAVINS L.C.**
213 Hale Street
Charleston, West Virginia 25301
Tel: (304) 932-4639
Fax: (304) 345-0375
Gbucci@BBJLC.com
Timbailey@BBJLC.com
Ljavins@BBJLC.com

James R. Bartimus
Stephen M. Gorny
**BARTIMUS, FRICKLETON,
ROBERTSON & GORNY, P.C.**
11150 Overbrook Road, Suite 200
Leawood, Kansas 66211
Tel: (913) 266-2300
Fax: (913) 266-2366
jb@bflawfirm.com
steve@bflawfirm.com

John T. Murray
**MURRAY AND MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio 44870
Tel: (419) 624-3000
Fax: (419) 624-0707
jotm@murrayandmurray.com

John Scarola
C. Calvin Warriner III
**SEARCY, DENNEY, SCAROLA,
BARNHART & SHIPLEY PA**
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Tel: (800) 780-8607
Fax: (561) 686-6300
jsx@searcylaw.com
ccw@searcylaw.com

Joseph J. Siprut
Aleksandra M.S. Vold
**SIPRUT P.C.**
17 North State Street, Suite 1600
Chicago, Illinois 60602
Tel: (312) 236-0000
Fax: (312) 948-9212
jsiprut@siprut.com
avold@siprut.com

Keith G. Bremer
Alison K. Hurley
Benjamin L. Price
**BREMER, WHYTE, BROWN
& O'MEARA LLP**
20320 S.W. Birch Street, Second Floor
Newport Beach, California 92660
Tel: (949) 221-1000
Fax: (949) 221-1001
kbremer@bremerwhyte.com
ahurley@bremerwhyte.com
bprice@bremerwhyte.com

E. Powell Miller
Richard L. Merpi II
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
rlm@millerlawpc.com

Grant L. Davis
Timothy C. Gaarder
**DAVIS, BETHUNE & JONES, LLC**
1100 Main Street, Suite 2930
Kansas City, Missouri 64105
Tel: (816) 421-1600
Fax: (816) 472-5972
gdavis@dbjlaw.net
tgaarder@dbjlaw.net

Edgar F. Heiskell, III (WV Bar No. 1668)
Attorney at Law
Post Office Box 3232
Charleston, West Virginia 25332
Tel: (304) 989-4459
heiskell.action@ymail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| THERESA THOMAS and SAMATHA SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 5:13-cv-01417-JMC |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 25th day of July, 2013, she mailed a copy of the attached ***BELVILLE* PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF THEIR MOTION TO: (A) EXPEDITE MOTION TO INTERVENE AND STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. SECTION 1404(a); and (B) STAY DISMISSAL MOTION BRIEFING SCHEDULE** by depositing same in the United States Mail, first-class, proper postage, affixed, addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, and by electronic mail, which is/are the last known address(es):

John G. Felder, Jr.
McGowan, Hood & Felder, LLC
1517 Hampton Street
Columbia, South Carolina  29210
jfelder@mcgowanhood.com
*Attorneys for Plaintiffs*

J. Kenneth Carter, Jr.
Carmelo B. Sammataro
Joshua D. Shaw
Turner Padget Graham & Laney, PA
Post Office Box 1473
Columbia, South Carolina 29202
kcarter@turnerpadget.com
ssammataro@turnerpadget.com
jshaw@turnerpadget.com

*Attorneys for Defendant*

Gregory Mark Nespole
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
nespole@whafh.com
*Attorneys for Plaintiffs*

**Counsel for Defendant Ford Motor Company, Inc. in the *Belville* action:**

Michael Bonasso
William J. Hanna
Susan W. Romaine
Bradley J. Schmalzer
Flaherty Sensabaugh Bonasso, PLLC
P.O. Box 3843
Charleston, WV 25338-3843
mbonasso@fsblaw.com
whanna@fsblaw.com
sromaine@fsblaw.com
bschmalzer@fsblaw.com

Jeffrey A. Holmstrand
Flaherty Sensabaugh Bonasso, PLLC
1225 Market Street
Wheeling, WV 26003
jholmstrand@fsblaw.com

J. Tracy Walker, IV
McGuireWoods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
twalker@mcguirewoods.com

Andrew J. Trask
McGuireWoods, LLP
11 Pilgrim Street
London EC4V 6RN
United Kingdom
atrask@mcguirewoods.com

Peter J. Fazio
Aaronson Rappaport Feinstein & Deutsch, LLP
600 Third Avenue, 5th Floor
New York, NY 10016
twalker@mcguirewoods.com

/s/ *Stephanie U. Roberts*
Stephanie U. Roberts, U.S. District I.D. No. 11047
SPILMAN THOMAS & BATTLE, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC  27103
Telephone:     (336) 725-4710
Facsimile:     (336) 725-4476

*Counsel for the Belville Plaintiffs*