UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Theresa Thomas and Samatha Simpson, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>Ford Motor Company,<br><br>    Defendant. | Civil Action No. 5:13-01417-JMC<br><br><br>**ORDER AND OPINION** |

Plaintiffs Theresa Thomas ("Thomas") and Samatha Simpson ("Simpson") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, filed the instant putative class action against Defendant Ford Motor Company ("FMC"). (ECF No. 1.) Plaintiffs allege that between 2002 and 2010, FMC knowingly manufactured automobiles equipped with an electronic throttle control system that rendered the automobiles susceptible to incidents of sudden unintended acceleration and, as a consequence, unsafe to customers. (ECF No. 1 at 1 ¶ 1.) Plaintiffs further allege that FMC's automobiles were defectively designed and/or manufactured to the extent that they were equipped with an electronic throttle control system, but were not equipped with a brake override system or other adequate fail-safe mechanism to prevent incidents of sudden unintended acceleration. (Id. at 2 ¶ 6.)

This matter is before the court by way of a motion by interested individuals Lance R. Belville, Donald C. Carr, Mindi Stewart, Stanley Stewart, Dean Richardson, Christine Salamone, Charles Johnson, Jill Durant, Beverly Gorton, Josh Legato, Michael Antramgarza, Roofwerks, Inc., Quintin Williams, ACA Legal Investigations, Inc., John McGee, Mills Allison, David H. Patton, Inez A. Patton, Laura Elsinger, and Gabriel Kletschka (collectively "Belville Plaintiffs")

to intervene pursuant to Fed. R. Civ. P. 24 for the purpose of seeking a stay of this action pending the resolution of Belville v. Ford Motor Co., Case No. 3:13-cv-6529 (S.D. W. Va. Mar. 28, 2013) (the "Belville Action"). (ECF No. 8.) In the alternative to a stay, Belville Plaintiffs move the court to transfer this action to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1404(a). (Id.) Belville Plaintiffs also move the court to expedite the briefing and resolution of their pending motion and to stay briefing and resolution of a pending motion by FMC to dismiss the complaint. (ECF No. 12.)

For the reasons set forth below, the court **DENIES** Belville Plaintiffs' motion to intervene. In addition, the court **DENIES AS MOOT** Belville Plaintiffs' motion to stay or transfer and motion to expedite.

## I.  RELEVANT BACKGROUND TO PENDING MOTIONS

Plaintiffs co-own a 2010 Ford Mustang (the "Mustang"). (ECF No. 1 at 4 ¶¶ 13, 14.) Plaintiffs purchased the Mustang in August 2012 from a dealer in Columbia, South Carolina that sells automobiles manufactured by FMC. (Id.)

On March 28, 2013, Belville Plaintiffs filed the Belville Action alleging that FMC's automobiles are vulnerable to sudden unintended acceleration events and were defectively designed and/or manufactured to the extent that they were equipped with an electronic throttle control system, but were not equipped with a brake override system or other adequate fail-safe mechanism to prevent incidents of sudden unintended acceleration. (See ECF No. 8-1 at 2 ¶¶ 2-4.) In their class action complaint, Belville Plaintiffs alleged nationwide class claims for violation of the Magnuson-Moss Warranty Act[1] ("MMWA"), 15 U.S.C. §§ 2301-2312; and

---

[1] The MMWA establishes federal warranty disclosure requirements and a federal remedy for breach of warranty. See Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1061-62 (5th Cir. 1984) (explaining purpose and general operation of the MMWA). The purpose of the MMWA is to assure minimum warranty protection for consumers, to promote consumer understanding of

statewide class claims under South Carolina law for breach of the implied warranty of merchantability; unjust enrichment; violation of the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act[2] (the "Dealers Act"), S.C. Code Ann. §§ 56-15-10 to -600 (2006 & Supp. 2012); and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann.[3] §§ 39-5-10 to -560 (1985 & Supp. 2011).  (ECF No. 8-1 at 52-54, 115-121.)

On April 10, 2013, Simpson was driving the Mustang when she experienced an incident of sudden unintended acceleration.  (Id. at ¶ 15.)  After this incident, Simpson had the Mustang inspected at an authorized FMC dealer by service technicians, who were unable to identify or correct the issue that caused the incident of sudden unintended acceleration.  (Id.)  Thereafter, Plaintiffs tried unsuccessfully to trade in the Mustang to the dealer that sold it to them.  (Id. at 5 ¶ 16.)  On May 24, 2013, Plaintiffs filed a complaint, alleging nationwide class claims for violation of the MMWA, and statewide class claims under South Carolina law for breach of the implied warranty of merchantability, unjust enrichment, and violation of the Dealers Act.  (ECF No. 1 at 28-34.)

On June 26, 2013, Belville Plaintiffs filed a motion to intervene in this action and stay it

---

warranties, to assure warranty performance, and to improve product reliability.  40 Fed. Reg. 60,168 (Dec. 31, 1975).  The MMWA gives consumers a private right of action against warrantors for breach of a written or implied warranty.  15 U.S.C. § 2310; see also Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004) (The MMWA "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action.").  Implied warranty claims arising under the MMWA are defined by state law.  Id. at § 2301(7).

[2] "The purpose of the Dealers Act is consumer protection."  Herron v. Century BMW, 693 S.E.2d 394, 399 (S.C. 2010).  The Dealers Act declares certain unfair methods of competition and unfair or deceptive acts or practices to be unlawful.  S.C. Code Ann. § 56-15-30(a) (2006).  It is a violation of the Dealers Act for any manufacturer or motor vehicle dealer "to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any parties or to the public."  Id. at § 15-40(1) (2006).  To be liable under the Dealers Act, the dealer must participate in wrongful conduct.  Jackson v. Speed, 486 S.E.2d 750, 756 (S.C. 1997).

[3] Belville Plaintiffs also allege statewide class claims pursuant to the laws of West Virginia, Florida, Illinois, Maryland, Massachusetts, Michigan, Missouri, New York, North Carolina, Oklahoma, Pennsylvania, Virginia, and Wisconsin.  (See ECF No. 8-1 at 55-131.)

or transfer the case. (ECF No. 8.) In their motion to intervene and stay or transfer, Belville Plaintiffs assert that they should be allowed to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) or permissively pursuant to Rule 24(b). (ECF No. 8-2 at 3-7.) Belville Plaintiffs further assert that once they enter the case, the court should exercise its discretion to either stay the matter pending resolution of the Belville Action or transfer the case to the United States District Court for the Southern District of West Virginia (Huntington Division). (ECF No. 8-2 at 2 (referencing ECF No. 8-1).) Belville Plaintiffs argue that the court can promote judicial economy by ensuring that only one court has to address issues common to both cases. (Id. at 8-9.)

On July 2, 2013, Belville Plaintiffs moved to (1) expedite the briefing and resolution of their motion to intervene and stay or transfer, and (2) stay briefing and resolution of a pending motion by FMC to dismiss the complaint. (ECF No. 12.) On July 15, 2013, FMC and Plaintiffs filed their respective opposition to Belville Plaintiffs motion to intervene and stay or transfer, arguing that the court should decline to permit intervention and neither stay nor transfer this action. (ECF Nos. 13, 14.) On July 19, 2013, FMC and Plaintiffs filed their respective opposition to Belville Plaintiffs' motion to expedite. (ECF No. 16, 18.) On July 25, 2013, Belville Plaintiffs filed replies in support of their motions to expedite and to intervene and stay or transfer. (ECF Nos. 21, 22.)

On March 5, 2014, the court held a hearing on the pending motions. (ECF No. 56.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     <u>Belville Plaintiffs' Motion to Intervene</u>

   *1. Intervention under Fed. R. Civ. P. 24*

Fed. R. Civ. P. 24 provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. <u>Houston Gen. Ins. Co. v. Moore</u>, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under [Fed. R. Civ. P.] 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." <u>U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.</u>, 349 F. Supp. 2d 934, 937 (D. Md. 2004) (citing <u>In re Richman</u>, 104 F.3d 654, 658 (4th Cir. 1997)). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. See <u>N.A.A.C.P. v. New York</u>, 413 U.S. 345, 369 (1973).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising discretion under Fed. R. Civ. P. 24(b), "the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

5

*2. The Parties' Arguments*

Belville Plaintiffs allege that their intervention in this action is "to protect and preserve their interests and to prevent those interests from being impeded or impaired by the separate prosecution" of this case. (ECF No. 8-2 at 3.)  Belville Plaintiffs argue entitlement to intervene by right on the basis that (1) they can demonstrate an interest in the matter pursuant to their representation of the same putative class of individuals as Plaintiffs; (2) the ability to protect their interests in the Belville Action would be impaired by the presence of an ongoing, duplicate, competing action in this court; and (3) they are not adequately represented by Plaintiffs, whose attorneys do not have skill and expertise of attorneys and experts representing Belville Plaintiffs. (Id. at 4-6.)  Alternatively, Belville Plaintiffs contend they may permissively intervene because (1) their motion was timely filed within thirty (30) days after Plaintiffs filed their complaint; (2) the Belville Action and this action share common questions of law and fact since "[t]he claims involve the same factual allegations, asserted on behalf of the same class, against the same Defendant, for the same time period, and for the same vehicles"; (3) the court has an independent basis for subject matter jurisdiction over the Belville Plaintiffs; and (4) the proposed intervention would not unduly delay or prejudice the adjudication of Plaintiffs' rights.  (Id. at 6-7.)

Plaintiffs assert that Belville Plaintiffs' motion to intervene as of right should be denied because they fail to meet their burden to show: "(1) that they have an interest related to the property or transaction that is the subject matter of this action; (2) that their interest would be impaired if the motion was not granted;" and (3) that their interests are being inadequately represented. (ECF No. 13 at 6.)  Plaintiffs further assert that permissive intervention should be denied because Belville Plaintiffs fail to show that the "proposed intervention would not unduly delay and prejudice the adjudication of Plaintiffs' rights." (Id. at 11.)  If the court allows Belville

6

Plaintiffs to intervene, Plaintiffs argue that staying this case will severely prejudice them by delaying adjudication of their claims because their interests are not protected in the Belville Action. (Id. at 13.) Moreover, Plaintiffs oppose the court transferring the case to the Southern District of West Virginia because "(1) there is a discernable connection between the controversy and Plaintiffs' chosen forum; (2) Plaintiffs and key non-party witnesses are located within this forum; (3) the proposed transfer to the Southern District of West Virginia would serve only to shift the burdens or inconvenience of litigating to Plaintiffs; (4) Ford has currently determined to defend against Plaintiffs' action in this District; and (5) there is a local interest in having this action, involving South Carolina state law claims, resolved here." (Id. at 15-16.)

FMC opposes the motion to intervene, arguing that Belville Plaintiffs failed to identify an interest in the subject matter entitling them to intervene in this action as a matter of right under Fed. R. Civ. P. 24(a) and should not be permitted intervention under Fed. R. Civ. P. 24(b) because (1) intervention will unduly delay the resolution of FMC's pending motion to dismiss, and (2) because the motion to intervene is premature. (ECF No. 14 at 3-6.) Even if intervention is permitted, FMC contends that the court should deny the motion to stay or transfer because (1) judicial economy weighs in favor of first resolving its pending motion to dismiss, (2) Belville Plaintiffs have not demonstrated that they will incur any additional expense or burden as the result of the pendency of this action; and (3) staying or transferring this action will prejudice FMC because it will delay a timely resolution of its motion to dismiss. (Id. at 6-7.)

   3. *The Court's Review*

      a. Intervention by Right

Upon review, the court finds that Belville Plaintiffs do not have a right to intervene in this action because they fail to establish that their interests are not adequately protected by the

7

existing Plaintiffs. In this regard, Belville Plaintiffs share the same ultimate concerns as Plaintiffs, namely their contention that FMC knowingly manufactures automobiles equipped with an electronic throttle control system that renders the automobiles susceptible to incidents of sudden unintended acceleration and, as a consequence, unsafe to customers. Because they share the same ultimate goal, Belville Plaintiffs are required to overcome the presumption that their interests are adequately represented, which requires a showing of "adversity of interest, collusion, or nonfeasance." See Commonwealth of Va. v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976) (While the "burden of showing an inadequacy of representation is minimal . . . . [w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance."). Belville Plaintiffs have failed to make the requisite showing. Therefore, because Belville Plaintiffs are adequately represented in this action by Plaintiffs, the court need not consider the remaining factors for intervention by right.[4] See, e.g., Roussell v. Brinker Int'l, Inc., No. 05-3733, 2009 WL 6496504, at *10 (S.D. Tex. Jan. 26, 2009) ("As the Court finds that intervention of right is not afforded under elements two and three of Fed. R. Civ. P. 24(a)(2), it will not consider element four."). Accordingly, Belville Plaintiffs are not entitled by right to intervene in this action.

      b. <u>Permissive Intervention</u>

Belville Plaintiffs also seek permissive intervention under Fed. R. Civ. P. 24(b). The court denies Belville Plaintiffs' request to permissively intervene because they have persuaded the court that their intervention will unduly delay or prejudice the application of the rights of

---

[4] The court notes that Plaintiffs only allege statewide class claims under South Carolina law. In the context of finding that Plaintiffs adequately represent the interests of the Belville Plaintiffs, the court is unaware of any reason that Plaintiffs would need to be able to adequately represent the interest of individuals alleging statewide class claims for the other states identified in the Belville Action in order to proceed with their claims.

8

Plaintiffs and FMC. The following exchange between the court and counsel for Belville Plaintiffs supports this conclusion:

> The Court: Is that essentially an all-or-nothing proposition where you want to be - - want to intervene but then you want us to stay this case or transfer? In other words, you're not interested in the intervention unless I stay or transfer?
>
> Counsel for Belville Plaintiffs: If you - - if you simply grant us intervention, I'll tell you what we'll do, your Honor. I will move for leave under 23(g). And if you Honor appoints us, and I think based upon the credentials of our group and the nationwide group of lawyers we put together in West Virginia, with the experience we have in consumer cases, automotive cases, and our track record of success along those lines, we think that based upon the four standards of Rule 23(g) respectfully suggest, all things being equal, we in that fight, and once that's there, I will shut this case down. So I mean, either way, our goal is to keep the West Virginia action that started first before this action showed up months and months later. So, the answer is - - the answer is a qualified yes. We think the right course of action is to grant us intervention and to stay or transfer the action. But that's not just our - - what we think is the right course of action.

(ECF No. 60 at 12:12-13:8.)

Based on the foregoing, the court concludes that the intervention of Belville Plaintiffs in this matter would complicate the discovery process, potentially unduly delay the adjudication of the case on the merits, and generate little, if any, corresponding benefit to the existing parties. See Brock v. McGee Bros. Co., 111 F.R.D. 484, 487 (W.D.N.C. 1986) (denying permissive intervention where intervention would needlessly increase the cost and delay disposition of the case). Therefore, in its sound discretion, the court denies the request by Belville Plaintiffs to intervene in this action under Fed. R. Civ. P. 24(b).

B.      Belville Plaintiffs' Motion to Stay or Transfer

Since it denied Belville Plaintiffs' motion to intervene, the court must deny as moot Belville Plaintiffs' motion to stay or transfer this action. (ECF No. 8.)

C.      Belville Plaintiffs' Motion to Expedite

Upon review, the court finds that Belville Plaintiffs' motion to expedite has been

9

rendered moot because the parties have had an opportunity to fully brief the relevant issues. (See, e.g., ECF Nos. 8, 13, 14, 21.)

### III.   CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court hereby **DENIES** Belville Plaintiffs' motion to intervene pursuant to Fed. R. Civ. P. 24. (ECF No. 8.) The court further **DENIES AS MOOT** Belville Plaintiffs' motion to stay or transfer and motion to expedite. (ECF Nos. 8, 12.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 28, 2014
Columbia, South Carolina