# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Theresa Thomas and Samatha Simpson, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br>v.<br><br>Ford Motor Company,<br><br>           Defendant. | Civil Action No. 5:13-01417-JMC<br><br><br><br><u>**ORDER AND OPINION**</u> |

Plaintiffs Theresa Thomas ("Thomas") and Samatha Simpson ("Simpson") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, filed the instant putative class action against Defendant Ford Motor Company ("FMC"). (ECF No. 1.) Plaintiffs allege that between 2002 and 2010, FMC knowingly manufactured automobiles equipped with an electronic throttle control system that rendered the automobiles susceptible to incidents of sudden unintended acceleration and, as a consequence, unsafe to customers. (ECF No. 1 at 1 ¶ 1.) Plaintiffs further allege that FMC's automobiles were defectively designed and/or manufactured to the extent that they were equipped with an electronic throttle control system, but were not equipped with a brake override system or other adequate fail-safe mechanism to prevent incidents of sudden unintended acceleration. (Id. at 2 ¶ 6.)

This matter is before the court by way of a motion by FMC to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion"). (ECF No. 6.) For the reasons set forth below, the court **DENIES** FMC's Rule 12(b)(6) motion.

## I.    RELEVANT BACKGROUND TO PENDING MOTIONS

Plaintiffs co-own a 2010 Ford Mustang (the "Mustang"). (ECF No. 1 at 4 ¶¶ 13, 14.)

Plaintiffs purchased the Mustang in August 2012 from a dealer in Columbia, South Carolina that sells automobiles manufactured by FMC. (Id.) On April 10, 2013, Simpson was driving the Mustang when she experienced an incident of sudden unintended acceleration. (Id. at ¶ 15.) After this incident, Simpson had the Mustang inspected at an authorized FMC dealer by service technicians, who were unable to identify or correct the issue that caused the incident of sudden unintended acceleration. (Id.) Thereafter, Plaintiffs tried unsuccessfully to trade in the Mustang to the dealer that sold it to them. (Id. at 5 ¶ 16.)

On May 24, 2013, Plaintiffs filed a complaint, alleging nationwide class claims for violation of the Magnuson-Moss Warranty Act[1] ("MMWA"), 15 U.S.C. §§ 2301-2312; and statewide class claims under South Carolina law for breach of the implied warranty of merchantability; unjust enrichment; and violation of the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act[2] (the "Dealers Act"), S.C. Code Ann. §§ 56-15-10 to -600 (2006 & Supp. 2012). (ECF No. 1 at 28-34.)

In response to Plaintiffs' complaint, FMC filed its pending motion to dismiss on June 21, 2013. (ECF No. 6.) Plaintiffs filed opposition to FMC's motion to dismiss on July 29, 2013.

---

[1] The MMWA establishes federal warranty disclosure requirements and a federal remedy for breach of warranty. See Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1061-62 (5th Cir. 1984) (explaining purpose and general operation of the MMWA). The purpose of the MMWA is to assure minimum warranty protection for consumers, to promote consumer understanding of warranties, to assure warranty performance, and to improve product reliability. 40 Fed. Reg. 60,168 (Dec. 31, 1975). The MMWA gives consumers a private right of action against warrantors for breach of a written or implied warranty. 15 U.S.C. § 2310; see also Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004) (The MMWA "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action."). Implied warranty claims arising under the MMWA are defined by state law. Id. at § 2301(7).

[2] "The purpose of the Dealers Act is consumer protection." Herron v. Century BMW, 693 S.E.2d 394, 399 (S.C. 2010). The Dealers Act declares certain unfair methods of competition and unfair or deceptive acts or practices to be unlawful. S.C. Code Ann. § 56-15-30(a) (2006). It is a violation of the Dealers Act for any manufacturer or motor vehicle dealer "to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any parties or to the public." Id. at § 15-40(1) (2006). To be liable under the Dealers Act, the dealer must participate in wrongful conduct. Jackson v. Speed, 486 S.E.2d 750, 756 (S.C. 1997).

(ECF No. 25.) FMC filed a reply in support of its motion to dismiss on August 8, 2013. (ECF No. 27.) On September 4, 2013, Plaintiffs supplemented their opposition to the motion to dismiss and FMC filed a sur-reply in support of the motion on October 25, 2013. (ECF Nos. 30, 37.) On January 27, 2014, Plaintiffs filed second supplemental opposition to the motion to dismiss and FMC filed a reply in support of the motion on February 3, 2014. (ECF Nos. 50, 51.)

On March 5, 2014, the court held a hearing on the pending motions. (ECF No. 56.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B.    The Parties' Arguments

FMC first argues that Plaintiffs' claim for breach of warranty should be dismissed because they "fail to allege any specific design or manufacturing defect in their 2010 Ford Mustang that renders the vehicle susceptible to sudden acceleration events . . . ." (ECF No. 6-1 at 10.) FMC further argues that "[e]ven if Plaintiffs had adequately alleged their vehicle is defective," the breach of warranty claim fails because they did not sustain an actionable injury. (Id. at 16.) As to Plaintiffs' cause of action for violation of the MMWA, FMC contends that dismissal is appropriate because Plaintiffs failed to (1) show an actual injury resulting from the alleged violation of the MMWA, and (2) include in their lawsuit a sufficient number of named plaintiffs. (Id. at 20 (citing to 15 U.S.C. § 2310(d)(1) & (3)).) FMC also argues that Plaintiffs claim for violation of the Dealers Act has been inadequately pleaded because their facts do not show actual reliance on any statements or representations by FMC. (Id. at 21-24.) Finally, FMC asserts that it is entitled to dismissal of the cause of action for unjust enrichment because "Plaintiffs have not alleged any facts establishing a design or manufacturing defect that harmed them or reduced the actual value of the automobile" thereby unjustly enriching FMC. (Id. at 25-26.)

Plaintiffs oppose FMC's motion to dismiss, asserting that the complaint alleges each element of a merchantability claim. (ECF No. 25 at 6 (citing Thomas v. La.-Pac. Corp., 246 F.R.D. 505, 511 (D.S.C. 2007) (To prevail on a merchantability claim, a plaintiff must prove: (1) a merchant sold goods; (2) the goods were not "merchantable" at time of sale; (3) plaintiff or his

4

property was injured by such goods; (4) the defect "or other condition amounting to a breach of the implied warranty of merchantability" proximately caused the injury; and (5) plaintiff gave timely notice to the seller.)).)  Plaintiffs assert that the complaint properly alleges that FMC's automobiles are defective because they are "subject to various mechanical and electronic faults that can nullify braking and remove from the driver all reasonable means of controlling a vehicle's ever-increasing speed."  (Id. at 9 (citing ECF No. 1 at 13-14 ¶ 50).)  Plaintiffs further assert that the complaint properly alleges actual damages because FMC charged a higher price for its automobile(s) than their true value as a result of defects and vulnerability to sudden unintended acceleration.  (Id. at 14.)  Plaintiffs next assert that they have adequately pleaded a claim for violation of the MMWA based on the allegation that FMC warrantied that its automobiles were safe, as opposed to not being "fit for their ordinary purposes of effective operation and reasonably safe transportation."  (Id. at 18.)  Finally, Plaintiffs claim that the complaint alleges all the requisite elements of claims for violation of the Dealers Act and unjust enrichment.  (Id. at 21-25.)

Plaintiffs filed supplemental authority advising the court that FMC and the National Highway Transportation Safety Administration ("NHTSA") entered into an agreement (the "Agreement") to administratively resolve claims for civil penalties for possible violations of various provisions of federal law under the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. Chapter 301 (the "Safety Act").  (ECF No. 30 at 2.)  Plaintiffs argue that the Agreement supports the allegations in the complaint that FMC knew or should have known that its automobiles were susceptible to sudden unintended acceleration, failed to notify NHTSA of complaints involving incidents of sudden unintended acceleration, and failed to disclose the safety defect to NHTSA and owners, purchasers, and dealers.  (Id. at 3.)  FMC contends that the

5

Agreement is not relevant to this action. (ECF No. 37 at 2.)

Plaintiffs also filed an objection to FMC's use of agency reports and unrelated cases in support of its motion to dismiss. (ECF No. 50 at 2-3.)

C.   The Court's Review

   *1. Breach of the Implied Warranty of Merchantability*

FMC moves to dismiss Plaintiffs' state law claim for breach of the implied warranty of merchantability. "Unless excluded or modified . . . , a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." S.C. Code Ann. § 36-2-314(1) (1976). South Carolina law sets forth several requirements that must be met for goods to be merchantable. See id. at § 36-2-314(2). For purposes of Plaintiffs' claim, the only requirement relevant is that the goods, to be merchantable, "are fit for the ordinary purposes for which such goods are used." Id.

In the vehicle context, the implied warranty of merchantability is "a guarantee that [vehicles] will operate in a 'safe condition' and 'substantially free of defects.'" Carlson v. Gen. Motors Corp., 883 F.2d 287, 297 (4th Cir. 1989). "Thus, 'where a car can provide safe, reliable transportation[,] it is generally considered merchantable.'" Id.

Plaintiffs assert that their claim for unmerchantability has been sufficiently pled based on allegations in the complaint that automobiles manufactured by FMC "when sold and at all times thereafter, were not in a merchantable condition and [were] unfit for the ordinary purpose for which such vehicles are used" because they are "susceptible to [sudden unintended acceleration] and lack adequate fail-safe mechanisms to prevent or mitigate [sudden unintended acceleration] accidents." (ECF No. 1 at 31 ¶ 133.) In response to this assertion, FMC argues vigorously that it is entitled to dismissal of this claim because Plaintiff has not alleged an actionable injury, which

6

requires manifestation of the defect and an injury.  Citing, e.g., Wilson v. Style Crest Prods., Inc., 627 S.E.2d 733, 736-37 (S.C. 2006).

Upon review the court observes that while FMC's conclusions may ultimately prove correct, it is reluctant to dismiss Plaintiff's warranty claim at this stage of the matter.  Therefore, after accepting all well-pleaded allegations in Plaintiffs' complaint as true and drawing all reasonable factual inferences from those facts in Plaintiffs' favor, the court cannot conclude with certainty that Plaintiffs are unable to prove any set of facts in support of this claim entitling them to relief.  Accordingly, the court denies FMC's motion to dismiss Plaintiffs' claim for breach of implied warranty of merchantability.

   *2. Violation of the MMWA*

The MMWA applies to consumer products, defined as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes . . ." as opposed to commercial products.  15 U.S.C. § 2301(1).  The MMWA provides a method for consumers to sue a warrantor for violations of a written or implied warranty.  Doll v. Ford Motor Co., 814 F. Supp. 2d 526, 545 (D. Md. 2011) (citing Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004)).  While the MMWA proscribes minimum federal requirements for "full" warranties, it generally calls for the application of state written and implied warranty law, not the creation of additional federal law.  Id. (citing 15 U.S.C. § 2304(e); Monticello v. Winnebago Indus., Inc., 369 F. Supp. 2d 1350, 1356 (N.D. Ga. 2005) (internal quotation marks omitted)).  Claims under the MMWA are subject to the same pleading requirements and defenses as the state law warranty claims because the claims under the MMWA derive from state law.  Walsh v. Ford Motor Co., 807 F.2d 1000, 1013–14 (D.C. Cir. 1986) ("[W]e think it beyond genuine dispute that, as to both implied and written warranties,

7

Congress intended the application of state law."). In this regard, the MMWA supplements, rather than supplants state law. See id. Consequently, because the court finds that Plaintiffs successfully allege a claim at the pleading stage against FMC for breach of the implied warranty of merchantability under South Carolina state law, they derivatively state a claim against FMC for violation of the MMWA.

### 3. *Unjust Enrichment*

FMC argues that the court should dismiss Plaintiffs' claim for unjust enrichment because Plaintiffs did not confer any benefit on FMC. (ECF No. 6-1 at 25-26.) "A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another." Dema v. Tenet Physician Servs. –Hilton Head, Inc., 678 S.E.2d 430, 434 (S.C. 2009). In South Carolina, in order to recover for unjust enrichment, a plaintiff must show the following three elements: (1) a benefit conferred upon the defendant by plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for it to retain the benefit. Ellis v. Smith Grading & Paving, Inc., 366 S.E.2d 12, 15 (S.C. Ct. App. 1988).

In the complaint, Plaintiffs allege that they conferred a non-gratuitous benefit to FMC by paying FMC a price higher than the true value for automobiles manufactured by FMC which had defects rendering them less valuable because they were prone to sudden unintended acceleration. (ECF No. 1 at 32 ¶¶ 139-141.) If the court accepts the foregoing and all other well-pleaded allegations in Plaintiffs' complaint as true and draws all reasonable factual inferences from those facts in Plaintiffs' favor, it is appropriate to find that Plaintiffs' payment of higher prices for allegedly defective automobiles as a result of wrongful acts or omissions by FMC is sufficient to state at the pleading stage a claim for unjust enrichment claim under South Carolina law. See,

e.g., Monster Daddy, LLC v. Monster Cable Prods., Inc., C/A Nos. 6:10-1170-TMC, 6:11-1126-TMC, 2012 WL 2513466, at *4 (D.S.C. June 29, 2012) ("[A]s to the unjust enrichment claim, . . . , the court holds that Monster Daddy's numerous allegations throughout the complaint constitute sufficient facts to survive the motion to dismiss."). Accordingly, the court denies FMC's Rule 12(b)(6) motion as to Plaintiff's cause of action for unjust enrichment.

4. *Violation of the Dealers Act*

The Dealers Act declares certain unfair methods of competition and unfair or deceptive acts or practices to be unlawful. S.C. Code Ann. § 56-15-30(a) (2006). It is a violation of the Dealers Act for any manufacturer or motor vehicle dealer "to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public."[3] S.C. Code Ann. § 56-15-40(1) (2006). To be liable under the Dealers Act, the dealer must participate in the wrongful conduct. Jackson v. Speed, 486 S.E.2d 750, 756 (S.C. 1997). "An agent for an entity who makes misrepresentations while attempting to sell a motor vehicle qualifies as a dealer who may be held liable under this act." Id. at 756.

The complaint alleges misrepresentations by FMC regarding the safety and reliability of its automobiles. (ECF No. 1 at 33 ¶¶ 145-47, 34 ¶ 148-50.) After accepting the foregoing and all other well-pleaded allegations in Plaintiffs' complaint as true and drawing all reasonable

---

[3] The South Carolina Supreme Court defined "arbitrary conduct" for purposes of the Dealers Act to include "acts which are unreasonable, capricious or non-rational; not done according to reason or judgment; depending on will alone." Taylor v. Nix, 416 S.E.2d 619, 621 (S.C. 1992). Furthermore, "bad faith" is defined as "[t]he opposite of good faith, generally implying or involving actual or constructive fraud, or a design to deceive or mislead another, or a neglect or refusal to [fulfill] some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." State v. Griffin, 84 S.E. 876, 877 (S.C. 1915) (quoting Black's Law Dictionary). "The Dealers Act defines 'fraud' to include its 'normal legal connotation' as well as 'misrepresentation in any manner, whether intentionally false or due to gross negligence, of a material fact; a promise or representation not made honestly and in good faith; and an intentional failure to disclose a material fact.'" deBondt v. Carlton Motorcars, Inc., 536 S.E.2d 399, 404 (S.C. Ct. App. 2000) (quoting S.C. Code Ann. § 56-15-10(m) (1991)).

factual inferences from those facts in Plaintiffs' favor, the court finds that these alleged misrepresentations constitute a sufficient basis to not dismiss Plaintiff's Dealers Act cause of action at this time. Accordingly, the court denies FMC's Rule 12(b)(6) motion as to the Dealers Act cause of action.

### III.     CONCLUSION

Upon careful consideration of the allegations in the complaint and the arguments of the parties, the court hereby **DENIES** the motion by Defendant Ford Motor Company to dismiss the claims in the complaint against them pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 6.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 31, 2014
Columbia, South Carolina